## JOSEPH S. RICHARDSON *v.* NATHAN W. PIERCE.

A contract, not henceforth to carry on the trade of a butcher, or to sell meats from a wagon or shop in and around the village of K., may be proved by parol, notwithstanding the statute of frauds; since, by the death of either party, which might happen within a year of the time of making it, its performance would be complete.

ASSUMPSIT for the breach of an agreement by which the defendant, in consideration of the sum of sixty-five dollars, sold to the plaintiff his butcher's wagon, and promised henceforth to give up and relinquish the trade and business of a butcher, and all traffic in meats, either from a butcher's wagon or shop, in and around the village of Knightsville, in Cranston.

The case came on for trial, under the general issue, before the Chief Justice, with a jury, at the March term, 1862, for the county of Providence, having been originally brought in the Court of Common Pleas, and appealed by the defendant to the Supreme Court. At the trial, the plaintiff offered to prove the contract by parol testimony, to which the defendant objected as in derogation of the statute of frauds. The objection was overruled by the presiding judge, and the evidence admitted; and the plaintiff having recovered a verdict for the sum of $280, the defendant now moved for a new trial, upon the ground of error of law in the admission of the above testimony.

*Thurston & Ripley, with whom was Wm. H. Potter, for the defendant :—*

The contract set out in the declaration is a verbal contract,— not to run a meat cart in Cranston *forever.* The defendant says that the contract is void, under the statute of frauds, as a contract not to be *performed* within one year, &c. 2 Parsons on Contracts, 316, in a note, divides cases arising under this clause of the statute into three classes, viz. :—

1. Where *by the express agreement of the parties* the performance of the contract is not to be completed within one year.

2. Where it is evident *from the subject matter of the contract* that the parties had in contemplation a longer period than one year, as the time for its performance.

3. When the time for the performance of the contract is made to depend upon some contingency which may, or may not, happen within one year.

In regard to the first class, he (Parsons) says they are clearly within the statute. As to what is meant by the terms, "expressly agreed that the contract is to be performed within one year," Wilde, J., in *Peters* v. *Westborough*, 19 Pick. 367, says, "it must have been expressly stipulated by the parties, or it must appear to have been so understood by them." To the same effect is *Herrin* v. *Butters*, 20 Maine, 119, 123. The whole of *both* sides of the contract must appear to be performed within a year. *Broadwell* v. *Getman*, 2 Denio. 87. The word of the statute is *performed*.

In regard to the second class,—*where, from the subject matter of the contract*, &c., *it is contemplated*, &c.,—he says, "there has been more doubt, *but it is now settled* that they are within the statute."

As to the third class, depending on a *contingency*, &c., he says, "it is settled that they are not within the statute," and cites *Peter* v. *Compton*, Skinner, Smith's Lead. Cases, in which Holt, C. J., dissented. Parsons also says, speaking of the case, *Lyon* v. *King*, 11 Met. 411, "*This doctrine has been carried so far* as to include a case where one undertook to abstain from doing a certain thing without limitation as to time, on the ground that such a contract is in its nature binding only during the life of the party;" evidently declaring his opinion to be, that this was carrying the idea of *performance* of a contract to an extreme. In the case before us, there can be *no doubt* that the parties *had in contemplation* a longer period than one year, as the time of its (the contract's) performance.

The subject matter of the contract was the furnishing of fresh meat and provisions to the inhabitants of a (not) certain district in the town of Cranston. The business and situation of the

plaintiff, and the business, long residence, and situation of the defendant, make this evident. The plaintiff claims *that he paid a consideration*, not merely for one year, but forever and aye. Upon the question (raised at the trial) of evidence, the plaintiff's counsel, in stating his case, stated that the contract was a *perpetual one*, and stated this in answer to the question,—how long was the contract for? The plaintiff states the contract, in his declaration, to be a *perpetual one*. And what is *conclusive* is, he claimed for *more* than a year, and has had assessed to him, by the jury, damages not for one year, but forever. If, therefore, the rule laid down by Parsons, in class second, is the correct rule, then it is *settled* that *this case* is *within* the statute. To the point that, where parties had in contemplation a longer period than a year for the performance of the contract, it is within the statute and no action can be maintained thereon, we cite *Boydell* v. *Drummond*, 11 East. 159; *Bracegirdle* v. *Heald*, 1 Barn. & Ald. 722; *Birch* v. *Earl of Liverpool*, 9 B. & Cresswell. 392; *Snelling* v. *Huntingfield*, 1 Crompton, M. & Ros. 20; *Hinckley* v. *Southgate*, 11 Verm. 428; *Drummond* v. *Burrell*, 13 Wend. 307; *Holloway* v. *Hampton*, 4 B. Monroe (K'y.), 415; *Dobson* v. *Collis et al.* 37 Eng. L. & E. 499; *Roberts* v. *Tucker*, 3 Exchequer, 632, (cited in *Dobson* v. *Collis et al.*); *Tolley* v. *Greene*, 2 Sanf. Ch. 91. And further, as showing what the Massachusetts court has decided since *Lyon* v. *King*, 11 Met. 411, we refer to *Delano* v. *Montague*, 4 Cush. 42, where the head-note is, "A parol agreement between parties to a lease for years in writing, that the lessee would take the premises for another year on the same terms, is within the statute of frauds of Massachusetts, as an agreement not to be performed within a year, and no action can be maintained thereon."

*Hayes, for the plaintiff :—*

I. This contract was not within the fifth clause of the statute of frauds. To bring a contract within the statute, it must have been expressly stipulated by the parties, or *it must appear to have been so understood by them*, that the agreement was *not* to be performed within a year. *Peters* v. *Westborough*, 19 Pick. 364. Had the defendant relinquished the business and died within a year from the date of the contract, no question could arise as to

his performance of the contract. The time for the performance of the contract, in this case, therefore depended upon a contingency, which might or might not have happened within a year, to wit, the defendant's death.

A contingency is not within the statute, nor is any case that depends upon a contingency. The statute does not extend to cases where the thing only *may* be performed within the year; and the act cannot be extended further than the words of it. *Peter* v. *Compton*, Skinner, 353, (cited in 1 Smith's Lead. Cas. 372, and n.); *Smith* v. *Westall*, 1 Ld. Raym. 316, 317; *Fenton* v. *Emblers*, 3 Burr, 1278; *Wells* v. *Horton*, 4 Bingh. 40; *Kent* v. *Kent*, 18 Pick. 569; *Peters* v. *Westborough*, 19 Ib. 364; *Lyon* v. *King*, 11 Met. 411; *Russell* v. *Slade*, 12 Conn. 435; *Clark* v. *Pendleton*, 20 Ib. 495; *Blanding* v. *Sargent*, 33 N. H. 239; *Moore* v. *Fox*, 10 John. 244; *Ellicott* v. *Peterson*, 4 Md. 476; *Bull* v. *McCrea*, 8 B. Mon. 422.

BRAYTON, J. By the contract, for the breach of which this action is brought, the defendant agreed by parol with the plaintiff, that for the consideration of sixty-five dollars, he would give up and relinquish the trade and business of a butcher and all traffic in meats, either in butcher's wagons or shop, in and around the village of Knightsville. The question is, if such a contract will support an action, or whether it falls within that provision of Ch. 176, section 8, of the Revised Statutes, by which it is declared, that "no action shall be brought whereby to charge any person upon any agreement which is not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which such action shall be brought, or some note or memorandum thereof, shall be in writing," &c., "signed by the party to be charged therewith," &c. The provision on this subject is the same as that contained in the Statute 29 Charles II., Ch. 3, commonly called the statute of frauds. That statute was introduced here by a colonial act of 1749, and declared to be in force in this colony. It had then received a judicial construction in England, upon many of its provisions; and among others, upon the one now in question. In one of the earlier cases, (*Peter* v. *Compton*, reported in Skinner, 353,) the contract was to pay the plaintiff a sum of money on his marriage,

which did not take place till nine years after the making of the contract. In this case it was held, that if it did not appear by the terms of the agreement, that it is to be performed *after* the *year*, then a note or memorandum in writing is not necessary. The case of *Fenton* v. *Emblers*, 3 Burr. 1278, recognized the same construction. The contract in that case was, to leave the plaintiff a life annuity, payable from the day of the possessor's death; and it was said that the statute did not extend to a case depending upon a contingency, or to any case where the thing *may be* performed within the year; and that the action was brought for the testator's not having done what he ought to have done in his lifetime, viz., made the bequest by will, and which he might have done within a year. *Wells* v. *Horton*, 4 Bingh. 40, was a like case with that of *Fenton* v. *Emblers*, which was recognized as an authority for its determination. A being indebted to B, in consideration of B's forbearance to sue, promised that his executor should pay him £10,000. In this case, it was said by Park, " there is nothing to show that the contract is not to be performed within the year. It rests upon a contingency, and may be performed within the year," referring to the rule laid down in *Peter* v. *Compton*. Best, J., in the same case, said, " the statute is confined to contracts which, by agreement, are not to be performed within a year, and not to such as may, by circumstances, be postponed beyond the year." " This was agreed by the twelve judges, in *Fenton* v. *Emblers*."

The cases in this country generally concur in this construction. It is recognized and affirmed in *Clark* v. *Pendleton*, 20 Conn. 495; *Moore* v. *Fox*, 10 John. 244; *Kent* v. *Kent*, 18 Pick. 569; *Peters* v. *Westborough*, 19 Ib. 364; *Ellicott* v. *Peterson*, 4 Md. 476; *Lyon* v. *King*, 11 Metc. 411, and in *Blanding* v. *Sargent*, 33 N. H. 239. The last two cases are precisely in point with the case before us. The case of *Lyon* v. *King* was a contract not to engage *thereafter* in the staging business, or livery stable keeping, in Southbridge. The case of *Blanding* v. *Sargent* was a contract for the purchase of the business and good will of a physician, he agreeing not to return to his practice thereafter. The agreement in either case was personal to the defendants, not to exercise the trade or profession; and it was held, that if the

Richardson *v.* Pierce.

defendant had died within the year, as he might, the contract would have been fully performed within the year, and so was not within the statute.

None of the cases cited by the counsel for the defendant, so far as we have been able to examine them, are in conflict with the rule or construction laid down in the cases referred to. The case of *Delano* v. *Montague*, 4 Cush. 42, upon which some stress was laid, was an agreement for a lease for one year, to commence on the expiration of a lease then current. It was, therefore, a contract which was not to be, and could not be, performed within a year from the time of making, and must, if at all, have been performed after the year. The case of *Dobson* v. *Collis and others*, 37 Eng. L. & Eq. 499, was a contract to serve the defendant as a traveller, from October 2, 1854, to September 1, 1855, and for a year thereafter, unless the contract should be determined by three months notice. Pollock, Ch. B., referred to the case of *Bracegirdle* v. *Heald*, 1 Barn. & Ald. 722, as an authority that the contract, apart from the defeasance, would be within the statute, (*i. e.*, one not to be performed within a year,) and that it was not the less so, because it may be put an end to within that period, and says, " a lease for five years does not cease to be a lease for five years, because it may be defeated at the end of the first." The case of *Birch* v. *Earl of Liverpool*, 9 B. & C. 392, was determined by the same rule. That was a contract for the hire of a coach for five years, determinable at the end of one year; and it was held to be within the statute, as the contract could not be performed within a year, and the provision for putting an end to the contract did not provide for performance, but for putting an end to it altogether. The case of *Holloway* v. *Hampton*, 4 B. Mun. 415, depended upon the same principle. That was a contract for the crop of three years, the contract determinable upon the death of either party. The crop of the third year could not be delivered during the first year.

The contract here is one by the terms of which it does not appear that it is to be performed after the year. The performance is complete upon a contingency, viz.: the death of the defendant, which might happen within a year, and so the contract might be performed before the expiration of the year, within the

terms of the agreement. It was, in substance and effect, a contract by which the defendant was to refrain from doing the act during his life, which might not endure for a year; and if it should not, the defendant would have performed all that the contract required. It was not, therefore, a contract which the statute requires to be in writing.

The motion for a new trial must be denied, with costs.